**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 17-cv-1590-WJM

RAYMOND A. TRUJILLO,

      Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,[1]

      Defendant.

---

**ORDER VACATING AND REMANDING**
**ADMINISTRATIVE LAW JUDGE'S DENIAL OF BENEFITS**

---

This Social Security benefits appeal is brought under 42 U.S.C. § 405(g).

Plaintiff Raymond A. Trujillo ("Plaintiff" or "Trujillo") challenges the final decision of

Defendant, the Social Security Administration ("Administration"), denying his application

for disability insurance benefits and supplemental security income benefits (together

"benefits").  The denial was affirmed by an administrative law judge ("ALJ"), who ruled

that Trujillo was not disabled within the meaning of the Social Security Act.  This appeal

followed.  For the reasons set forth below, the ALJ's decision is vacated and remanded

for further proceedings consistent with this Order.

---

[1] The Social Security Administration no longer has a commissioner nor a lawful acting commissioner.  *See* Letter from Thomas H. Armstrong, General Counsel of the Government Accountability Office, to President Donald Trump (Mar. 6, 2018), *available at* https://www.gao.gov/assets/700/690502.pdf (last accessed Sept. 24, 2018).  Lacking any other alternative, the Court *sua sponte* substitutes the Social Security Administration itself as the proper defendant.

# I. BACKGROUND

Trujillo was born in 1957, and was 54 years old on the alleged disability onset date of January 1, 2012. (Administrative Record ("R.") (ECF No. 11) at 99.) Trujillo served in the military from September 2, 1975 to August 31, 1979. (R. at 177, 184.) At various times, he worked as a patient advocate, telemarketer, and user support analyst. (R. at 48.) Trujillo also worked intermittently as a bouncer and bartender, but, as the ALJ found, that work activity "did not rise to the level of substantial gainful activity." (R. at 37, 43.)

Trujillo filed applications for disability insurance benefits and supplemental security income on April 22, 2014. (R. at 177, 184.) Plaintiff alleged that he is disabled due to the following conditions: pain in both knees, diabetes, high blood pressure, right shoulder pain, arthritis, and memory loss. (R. at 99–100, 107–08.) His medical records also showed degenerative joint disease in both knees and shoulders. (R. at 102, 110.) Trujillo's applications for benefits were initially denied on July 15, 2014. (R. at 118, 127.) He requested and received a hearing before ALJ Matthew C. Kawalek. (R. at 35, 136–37.) The hearing took place on February 19, 2016. (R. at 54–96.) On March 21, 2016, the ALJ issued a written decision in accordance with the Administration's five-step sequential evaluation process.[2]

---

[2] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

At step one, the ALJ found that Trujillo had not engaged in substantial gainful activity since January 1, 2012. The ALJ noted that Plaintiff did some work "on a far less than full-time basis" after the alleged onset date, but that the earnings associated with that work did not rise to the level of substantial gainful activity. (R. at 37.) The ALJ also stated that "this determination has no material impact on the outcome of this decision." (R. at 37.)

At step two, the ALJ found that Trujillo had the following severe impairments: "osteoarthritis of the bilateral shoulders, osteoarthritis of the bilateral knees, hepatitis-C, cirrhosis of the liver, and liver cancer." (R. at 38.) The ALJ also determined that no other claimed conditions, including Trujillo's "generalized anxiety disorder, diabetes, insomnia, peroneal tendonitis, alcohol abuse, hypertension, cluster headaches, chronic pain, and visual limitation," were a severe impairment. (*Id.*)

At step three, the ALJ found that Trujillo's impairments, while severe, did not meet or medically equal the severity of any of the "listed" impairments in the Social Security regulations. (R. at 39.)

Before proceeding to step four, the ALJ assessed Trujillo's residual functional capacity ("RFC"). The ALJ concluded that Trujillo has the RFC to perform light work:

> [T]he claimant can occasionally lift, carry, push or pull 20 pounds at a time, and frequently lift, carry, push or pull objects weighing up to 10 points. The claimant can stand and walk for no more than about two hours during an eight-hour workday, and the claimant must be permitted to use a cane to stand or walk. The claimant can sit for approximately six hours total during an eight-hour workday. The claimant can never climb ropes, ladders, and scaffolding. The claimant can occasionally climb ramps and stairs. The claimant can also occasionally stoop, kneel, crouch, and crawl. The claimant should have no more than

occasional exposure [to] vibration and no exposure to environmental hazards such as unprotected heights and moving machinery.

(R. at 41.) In so concluding, the ALJ found that Trujillo's "medically determinably impairments could reasonably be expected to cause some of the alleged symptoms; however [Trujillo's] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully persuasive to the extent they are inconsistent with the medical evidence of record." (R. at 42.) Then, at step four, the ALJ concluded that Trujillo was capable of performing his past relevant work. (R. at 47.)

Accordingly, the ALJ found that Trujillo was not entitled to disability insurance benefits or supplement security income benefits because he had not been under a disability from January 1, 2012 through the date of the ALJ's decision. (R. at 48.) Trujillo appealed to the Social Security Appeals Council (R. at 30), which denied review (R. at 7). Trujillo then filed this action seeking review of the ALJ's March 21, 2016 decision. (ECF No. 1.)

## II. STANDARD OF REVIEW

The Court reviews the Administration's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is the amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005). In reviewing the Administration's decision, the Court may

neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. ANALYSIS

On appeal, Trujillo presents two arguments for reversal: (1) the ALJ did not articulate a valid reason supported by factual findings for rejecting Dr. Quintana's physical restrictions; and (2) the ALJ's residual functional capacity restrictions were not supported by specific evidence. (ECF No. 14 at 4–11.) The Court will address each in turn.

### A.     Rejection of Dr. Quintana's Findings and Opinions

The Court notes that the ALJ assigned "little weight" to the opinion of Dr. Quintana, Trujillo's treating provider, in making his RFC finding. The Tenth Circuit has indicated that giving "little weight" to a doctor's opinions effectively rejects those opinions. *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012). Generally, a treating physician's medical opinion is granted controlling weight, provided the opinion is medically well supported and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner chooses not to defer to the treating source, or there is no treating source in evidence, the Commissioner must weigh all of the following factors in deciding the weight to give each proffered medical opinion: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to

which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* § 404.1527(d)(2)–(6); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

The Administration argues that the ALJ permissibly discounted Dr. Quintana's medical opinion because it was inconsistent with the rest of the record. (ECF No. 15 at 6.) However, in rejecting Dr. Quintana's findings and conclusions as inconsistent, the ALJ failed to specify how the conclusions were inconsistent, particularly as to the lifting and cognitive impairments. Given the decision to remand (discussed below), the ALJ may wish to consider what parts of Dr. Quintana's opinion are not inconsistent with the record and their potential impact on the formulation of the RFC.

While it is true that an ALJ is permitted to consider the consistency of a medical opinion with the rest of the evidentiary record, s*ee* 20 C.F.R. § 404.1527(d)(4), he must do so in the framework of the other factors outlined by the regulations. In this case, even if the ALJ properly chose not to defer to Dr. Quintana as a treating source, he was still required to weigh various factors in deciding what weight to give Dr. Quintana's medical opinion. *See Drapeau*, 255 F.3d at 1213. Instead, the ALJ simply stated that Dr. Quintana was an acceptable medical source, the function limitations were inconsistent with the record, and therefore the ALJ gave little weight to Dr. Quintana's opinions. (R. at 46.) The ALJ did not address the length of the treatment relationship, Dr. Quintana's specialty, the degree to which the physician's opinion is supported by

relevant evidence, or other factors which would tend to support or contradict Dr. Quintana's opinion.

Though one could speculate that the ALJ could reach the same result had he applied the factors, that is not the Court's role in this action. The Court can evaluate the ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004); *see also Daniell v. Astrue*, 384 F. App'x 798, 804 (10th Cir. 2010) (declining to rely on new evidence because the ALJ had not considered it in denying benefits); *Love v. Astrue*, 2011 WL 2670095, at *7 (D. Colo. July 7, 2011) (district court may not rely on Commissioner's *post hoc* rationalization to affirm the ALJ's decision). The ALJ's decision shows that he did not weigh the factors in deciding what weight to give Dr. Quintana's medical opinion, and this failure was an error.

Because the ALJ failed to properly explain the basis for the weight he assigned to Dr. Quintana's medical's opinion, the Court must remand this case. *Robinson*, 366 F.3d at 1085 (remanding when the ALJ did not "follow the correct legal standards in considering the opinion of claimant's . . . physician"); *Threet v. Barnhart*, 353 F.3d 1185, 1192 (10th Cir. 2003) (failure to consider all relevant evidence in accordance with the regulations necessitates remand).

**B.    ALJ's Residual Functional Capacity Restrictions**

The RFC is an assessment of the most a claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC assessment is made by the ALJ "based on all the relevant evidence in [the claimant's] case record." *Id.* Examples of the types of evidence required to be considered in making an RFC assessment are the

claimant's medical history, medical signs and laboratory findings, and medical source

statements.  *See* Soc. Sec. Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2,

1996).  In fashioning an RFC, the Administration is required to consider all relevant

medical opinions.  20 C.F.R. § 404.1527(d).  "Medical opinions are statements from

physicians and psychologists or other acceptable medical sources that reflect

judgments about the nature and severity of [claimant's] impairment(s) including

[claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite

impairment(s), and [claimant's] physical or mental restrictions."  20 C.F.R. §

404.1527(a)(2).

Pursuant to the Social Security regulations, "in assessing the claimant's RFC,

the ALJ must consider the combined effect of all of the claimant's medically

determinable impairments, *whether severe or not severe*."  *Wells,* 727 F.3d at 1065

(citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)) (emphasis in original).  The ALJ

may not "simply rely on his finding of non-severity as a substitute for a proper RFC

analysis."  *Id.* (citing SSR 96-8p, 1996 WL 374184, at *4).  The ALJ must support an

RFC assessment with a "narrative discussion describing how the evidence supports

each conclusion, citing specific medical facts . . . and nonmedical evidence."  *Id.*

(citation omitted).

The Court finds that the ALJ failed to properly analyze Trujillo's mental

impairments in formulating the RFC.  The ALJ properly considered those impairments

at steps two and three in evaluating their possible severity.  (*See* R. at 38–39.)  "Under

the regulations, however, a finding of non-severity alone would not support a decision to

prepare an RFC assessment omitting any mental restriction."  *Wells,* 727 F.3d at 1065.

The very language the ALJ quotes makes clear that the "paragraph B" analysis is insufficiently detailed to supplant the analysis of the same impairments that must be performed when formulating the RFC. *See* SSR 96-8p, 1996 WL 374184, at *4; (R. at 39).

The ALJ did not satisfactorily address his decision to exclude from his RFC determination any potential limitations stemming from Trujillo mental or cognitive impairments, including Trujillo's need for breaks throughout the day, the likelihood that Trujillo would be off-task, or Trujillo's need to be absent from work several days per month. The ALJ gave "great weight" to Dr. Frommelt's findings and opinions, but did not address the opinion that Trujillo was "mildly limited in his concentration persistence and pace." (R. at 44.) In addition, the ALJ cites an instance of Trujillo failing to appear for a medical appointment because he felt the need to work. (R. at 43.) This would suggest that Trujillo would be required to miss work due to his medical needs.

The ALJ failed to address how the medical and nonmedical evidence in the record supports his specific RFC determination. In particular, the ALJ failed to address any cognitive impairments of Trujillo's non-severe medical conditions. On remand, the ALJ should directly address how Trujillo's non-severe medical impairments—including his anxiety disorder, alcohol abuse, cluster headaches, chronic pain, and visual limitations—impact his RFC.

## C.    Remand

The Court does not intend by this opinion to suggest the results that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand. *See Kepler v. Chater*, 68

F.3d 387, 391–92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case]. Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." (internal quotation marks omitted)).

## IV. CONCLUSION

For the reasons set forth above, the Administration's decision is VACATED and this case is REMANDED for rehearing.

Dated this 25th day of September, 2018.

BY THE COURT:

William J. Martínez
United States District Judge