**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-1590-WJM

RAYMOND A. TRUJILLO,

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S
MOTION TO REOPEN CASE UNDER Fed.R.Civ.P. 60(b) FOR AN AWARD of
ATTORNEY FEES PURSUANT TO 42 USC § 406(b)**

---

Before the Court is Plaintiff Raymond A. Trujillo's ("Plaintiff") Motion to Reopen Case Under Fed. R. Civ. P. 60(b) for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) of the Social Security Act ("Motion"). (ECF No. 24.) Plaintiff's counsel seeks $25,210.00 in attorney's fees. Defendant Frank Bisignano, Commissioner of Social Security ("Commissioner"), filed a Response. (ECF No. 25.) Plaintiff did not file a Reply.

A motion under section 406(b) must be filed within a "reasonable time of the Commissioner's decision awarding benefits." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Plaintiff filed the Motion within less than three months of the Commissioner's calculation of the award. (*See* ECF No. 24 (filed in December 2024).) The Court finds the Motion to be timely because motions in this Circuit are generally considered timely when filed within three months of the calculation. *See Shockley v.*

*Saul*, 2021 WL 9217693, at *1 n.2 (D. Colo. May 18, 2021) ("The filing of a motion within three months of the Notice is routinely found acceptable."); *see also Peeper v. Colvin*, 2014 WL 12746157, at *1 (N.D. Okla. July 15, 2014) ("The Court has previously held that as a general rule a reasonable amount of time in which to file a Section 406(b) motion is 90 days from the Notice of Award.").

42 U.S.C. § 406(b)(1)(A) requires both that the attorney's fees awarded not exceed 25% of the past-due benefits recovered and that it otherwise be "reasonable." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  A contingency fee agreement is the "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 1828.  In determining whether a fee amount is reasonable, courts may consider factors such as the character of the representation, the results achieved, whether the benefits recovered are large in comparison to the amount of time spent on the case, and whether the plaintiff's attorney is responsible for delay in the proceedings.  *Id.*

The requested fee amount is not more than 25% of the past due benefits.  And although the hours expended on this matter were modest (about 18 hours total) in relation to the attorney's fees amount sought ($25,210.00), the Court nonetheless finds the fee award to be reasonable, especially considering that the results achieved by counsel were extremely favorable to Plaintiff as a result of counsel's experience litigating such cases.  (ECF No. 24 at 5.)

Good cause appearing and no objection raised (*see generally* ECF No. 25), the Motion is GRANTED and Plaintiff's counsel is hereby awarded attorney's fees under section 406(b) in the amount of $25,210.00.  Per Defendant's request, to which Plaintiff

does not object,[1] the Court specifies that the fee award "is to be paid out of Plaintiff's past-due benefits." (*Id.* at 2.) Upon payment of this awarded fee, Plaintiff's counsel shall refund to Plaintiff the sum of $3,050.00, representing the award previously issued by this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which Plaintiff's counsel received. *Id.* at 796.

Dated this 22nd day of July, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

---

[1] Plaintiff confirms that he and his counsel's "fee agreement provides for a contingent fee of twenty-five percent of past due benefits that may be awarded." (ECF No. 24 at 5.)